## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONDOUS COLEMAN, S13805, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:16-cv-00086-SMY-RJD** |
| | ) | |
| S.A. GODINEZ, MARCH HODGE, | ) | |
| STEVEN DUNCAN, MICHAEL | ) | |
| LEMKE, THOMAS A. SPILLER, | ) | |
| DONALD STOLWORTHY, DANIEL | ) | |
| DOWNEN, RANDY STEVENSON, | ) | |
| WILLIAM LOY, JERRY L. HARPER, | ) | |
| JACKIE MILLER, BRYAN L. PERDUE, | ) | |
| BRIAN STAFFORD, LT. RAY, ELDON | ) | |
| COOPER, CHRIS BROOKS, KIM | ) | |
| CLEVY and COUNSELOR RAY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court are two motions. First, Defendants Chris Brooks and Kim Clevy have filed a motion for summary judgment for failure to exhaust administrative remedies. (Doc. 53). Second, Defendants Eldon Cooper, Daniel Downen, Steven Duncan, Salvador Godinez, Jerry Harper, March Hodge, Michael Lemke, William Loy, Jackie Miller, Bryan L. Perdue, Collin Ray, Chad Ray, Thomas Spiller, Brian Stafford, Randy Stevenson and Donald Stolworthy have filed a motion to dismiss for lack of prosecution. (Doc. 62). For the following reasons, both motions are **GRANTED**.

Plaintiff Leondous Coleman is currently an inmate with the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center. Coleman initially filed suit with then co-plaintiff Calvin Merritte on March 6, 2015 in the case of *Merritte et al v. Ingram et al*, Case No. 3:15-cv-00254-SMY-RJD (S.D. Ill.). Merritte later decided to sever his claims from

1

Coleman's and Coleman's claims form the basis of the instant case. Coleman proceeds on an Eighth Amendment failure to protect claim and a First Amendment retaliation claim against the defendants. (Doc. 5).

Defendants Chris Brooks and Kim Clevy seek summary judgment on the basis that Coleman failed to exhaust administrative remedies before filing suit. The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing conditions of confinement lawsuits. 42 U.S.C. § 1997e. The IDOC implements a three step grievance process. *see* Ill. Admin. Code tit. 20, § 504.810*, et seq*. First, the prisoner must attempt to resolve the issue with his counselor. If this fails to correct the problem, the prisoner may proceed to step two by submitting the grievance to the prison's grievance officer. After a decision is made at the institutional level, the prisoner may proceed to step three by appealing to the IDOC Administrative Review Board in Springfield. The grievance process is deemed completed when the ARB issues a decision.

Coleman did not file a response to the motion for summary judgment, but the documents attached to the motion reflect that Coleman has only appealed one grievance to the ARB during his time in IDOC custody. (Doc. 54-3, pp. 2-3). That grievance concerns a dispute involving the Pinckneyville prison commissary and does not involve or mention Defendants Brooks or Clevy. The grievance therefore fails to exhaust Plaintiff's administrative remedies against them and their motion for summary judgment shall be granted.

The remaining defendants seek dismissal for lack of prosecution. These defendants also sought to file a motion for summary judgment on the basis of exhaustion, but state that Coleman was not responding to their discovery requests. These defendants filed a motion to compel (Doc. 58), which was later granted by the Court. (Doc. 59). In the Order granting the motion to compel,

the Court noted that "Plaintiff is WARNED that he may be subject to sanctions or this case may be dismissed for lack of prosecution if he fails to engage in the discovery process." Coleman failed to comply with the Order and on January 12, 2017, Defendants filed a motion to dismiss. (Doc. 62). On January 18, 2017, the Court issued an Order to Show Cause as to why this matter should not be dismissed for lack of prosecution. Coleman did not respond to the Order.

The Court has been patient with Coleman. Despite the Court's repeated warnings, he has failed to prosecute this action. It appears that Coleman is no longer interested in pursuing this lawsuit. Because he appears to have abandoned his case, other less severe sanctions would have little or no effect. Accordingly, Defendants' Motion to Dismiss (Doc. 62) is granted.

## CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 53) and Motion to Dismiss (Doc. 62) are granted. All other pending motions are hereby terminated. As no defendants remain in this action, the Clerk of Court is DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: February 24, 2017**

> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**